JOHN L. BURRIS, ESQ., (SBN 69888)
BENJAMIN NISENBAUM, ESQ., (222173)
CHRISTOPHER A. DEAN, ESQ., (PLN 550322)
BURRIS, NISENBAUM, CURRY & LACY
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
chris.dean@johnburrislaw.com

Attorneys for Plaintiff
KEVIN ROE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEVIN ROE | CASE NO.: |
| Plaintiff, | COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983 and pendent tort claims) |
| vs. | |
| CITY OF FAIRFIELD, a municipal corporation; SETH JAMEL, individually and in his official capacity as a Police Officer for the CITY OF FAIRFIELD Police Department; CAMILLE LANGI, individually and in her official capacity as a Police Officer for the CITY OF FAIRFIELD Police Department; OFFICER DEQUATTRO, individually and in his official capacity as a Police Officer for the CITY OF FAIRFIELD Police Department and DOES 1-50, inclusive, individually, jointly, and severally, | JURY TRIAL DEMANDED |
| Defendants. | |

**INTRODUCTION**

1.      On June 24, 2021, Kevin Roe was driving on the intersection of West Texas and Pennsylvania on his way home. As Mr. Roe continued down the road, he lost control of his vehicle and hit a center divider on the intersection. Shortly after, Fairfield police officers arrived on the scene and demanded Mr. Roe's license and registration. After a moment, officers noticed that Mr. Roe appeared to be intoxicated and removed him from his vehicle, put him in handcuffs and placed in the back of a patrol car. Moments later, Mr. Roe began to complain about the handcuffs being too tight around his wrist. However, Seth Jamel and other yet-to-be identified officer's ignored Mr. Roe's pleas. Mr. Roe does not deny that he was under the influence on the night of this incident and has handled his collision matter in criminal court. However, while in police custody, things quickly turned from a traffic incident to a violent assault on Mr. Roe when he was transported to the Fairfield Police Department for booking and processing.

2.      On the night of the incident, Kevin Roe was being booked and processed at the Fairfield Police Station located at 1000 Webster Street, Fairfield, CA 94533. As Kevin Roe was being processed, he began to feel the same sensation of pain in his right hand that he had complained about during his first encounters with officers at the accident scene. However, annoyed with Mr. Roe's complaints and verbiage, Defendant Officer Jamel came towards Mr. Roe, grabbed him and slammed his head against a wall causing him to hit a sharp object mounted on the wall. The Defendant Officer then forced Kevin Roe to the ground and two additional officer's assisted in placing his legs in RIPP restraints as Kevin Roe laid prone.

**JURISDICTION**

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the

United States Code, §1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Fairfield, County of Solano, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

5.      Plaintiff, KEVIN ROE (hereinafter "PLAINTIFF" or "ROE"), has been and is a resident of the state of California and is a United States Citizen.

6.      Defendant CITY OF FAIRFIELD (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Fairfield Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOE Defendants, individually and as peace officers.

7.      Defendant SETH JAMEL (hereinafter "JAMEL") is employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Fairfield Police Department. Plaintiff contends Defendant JAMEL, who was present at the scene of the subject-incident slammed Plaintiff's head into the wall, injuring him, used excessive force unrelated to a legitimate law enforcement purpose with reckless disregard for Plaintiff's rights, was a participant in the use of unreasonable force against Plaintiff, and was negligent.

8.      Defendant CAMILLE LANGI (hereinafter "LANGI") is employed by Defendant CITY as a police officer. She is being sued individually and in her official capacity as a police officer for the Fairfield Police Department. Plaintiff contends Defendant LANGI, who was present at the scene of the subject-incident participated in detaining and placing Plaintiff in RIPP restraints.

9.      Defendant DEQUATTRO (hereinafter "DEQUATTRO") is employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Fairfield Police Department. Plaintiff contends that Defendant DEQUATTRO, who was present at the scene of the subject-incident assisted in detaining and placing Plaintiff in RIPP restraints.

10.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as asset forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

11.     Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City of Fairfield on December 22, 2021. On February 03, 2022, Plaintiff received notice that the City of Fairfield rejected his claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## GENERAL ALLEGATIONS

12.     This incident took place on June 24, 2021. The time of the incident was approximately 9:45PM and occurred at the Fairfield Police Department station located at 1000 Webster Street, Fairfield, CA 94533. The incident arose when Plaintiff was taken into custody at the Fairfield Police

Department for booking and processing. While in custody, Mr. Roe was handcuffed and placed in an interview room. During processing, Mr. Roe was instructed to sit in a police department interview room until he was given further instructions. As Mr. Roe sat waiting, he began to feel pain in his right hand due to the handcuffs being too tight around his wrist. Mr. Roe pleaded with Defendant Officer Jamel to no avail to loosen the handcuffs. However, Defendant Officer JAMEL informed Plaintiff that there was nothing he could do.

13.     As a result, Mr. Roe's right hand started to gradually lose bloodcirculation, causing Mr. Roe to feel immense pain. Eventually,  Mr. Roe stood up and walked toward Officer JAMEL to inform him of the pain and requested that the handcuffs be loosened. However, Defendant Officer Jamel became agitated with Mr. Roe's repeated complaints and suddenlty shoved Mr. Roe, causing him to stumble backwards into the police interview room. Then, without just cause or legal provocation, Defendant Officer Jamel forcibly grabbed Mr. Roe  and aggressively slammed his head into the wall causing Mr. Roe to strike the sharp edge of a thermostat located on the wall. Mr. Roe then fell onto a chair positioned against the wall showing clear signs of distress and surrender. Despite Defendant Officer Jamel observing Mr. Roe in pain, Defendant Officer Jamel continued to push down on Mr. Roe's abdomen and chest area. Defendant Officer Jamel then can be heard stating, " Are you done fucking around" before he slams Mr. Roe to the floor. As Mr. Roe laid prone on the ground, Mr. Roe's left ear began to bleed profusely. At this time, Mr. Roe, who was handcuffed during this incident, showed no signs of resistance or aggression towards Defendant Officer Jamel. However, Defendant Officer Jamel requested that Officer Dequattro get RIPP restraints to tie Mr. Roe's legs even after Mr. Roe demonstrated clear signs of surrender. Defendant Officer Dequattro returned with the restraints and Officer Langi assisted him with tieing Mr. Roe's legs.

14.     Furthermore, after noticing that Mr. Roe was bleeding profusely, Defendant Officer

Jamel eventually called for medical assistance and Mr. Roe was transported to Northbay Medical

Center where he was treated for his injuries. As a result of Defendant Officer Jamel's egregious

misconduct. Plaintiff suffered severe cartilage damage to his left ear, severe neck pain, and multiple

bruises and abrasions to his body. Plaintiff currently experiences frequent headaches and loud, high-

pitched ringing in his left ear. Plaintiff has also sought treatment at a psychatric facility as a result of

this incident. It is evident that Mr. Roe, whose hands were handcuffed behind his back throughout

the entire ordeal of this incident, did not pose an imminent threat to Officer JAMEL, LANGI and

DEQUATTRO. Therefore, it was unnecessary for Officers to place him in RIPP restraints.

## **FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth & Fourteenth Amendment of the United States**
**Constitution-Excessive Force and Due Process)**
**(Plaintiff against Defendants JAMEL, LANGI, DEQUATTRO and DOES 1-50)**

15.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through

14 of this Complaint.

16.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other

proper proceeding for redress."

17.     Plaintiff had a firmly established right under the Fourth Amendment to be free from

official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress,

unreasonable search and seizure, and to be free from excessive force being used against him.

18.     Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

19.     Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

20.     There was no need for the use of any force against Plaintiff because he was calm, cooperative, and unresisting at all times during the incident.

21.     Defendants JAMEL and DOES 1-50 used excessive force when Plaintiff was forcibly slammed into the wall, thrown to the ground, and placed in RIPP restraints. The use of force on Plaintiff was unnecessary as Plaintiff was in handcuffs and did not pose an imminent threat to officers.

22.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

23.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights, which are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

24.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of Bane Act California Civil Code §52.1)**
**(Plaintiff against Defendants JAMEL, LANGI, DEQUATTRO and DOES 1-50)**

25.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

27.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

28.     Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees, pursuant to Civil Code § 52.1(h).

29.     Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees, pursuant to Civil Code § 52(a).

30.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Assault/Battery)
#### (Against Defendants JAMEL, LANGI, DEQUATTRO and DOES 1-50)

31.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32.     Defendants touched Plaintiff with the intent to harm or offend him.

33.     Plaintiff did not consent to the touching and was harmed by it.

34.     A reasonable person in Plaintiff's situation would have been offended by the touching.

35.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

36.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff against Defendants JAMEL, LANGI, DEQUATTRO and DOES 1-50)**

37.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38.     Defendants' conduct as described herein was outrageous.

39.     Defendants intended to cause Plaintiff emotional distress.

40.     Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

41.     Plaintiff suffered severe emotional distress from Defendants' conduct.

42.     Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

43.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

44.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(Plaintiff against Defendants JAMEL LANGI, DEQUATTRO and DOES 1-50)**

45.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46.     An individual is liable for injuries caused by failure to exercise reasonable care under the circumstances. A cause of action for negligence arises when there is a legal duty to use due care. There is a breach of the legal duty, and the breach is the proximate or legal cause of the resulting injury.

47.     Defendants, without due care, injured Plaintiff. Defendant JAMEL, LANGI, and DEQUATTRO and DOES 1-50 had a duty as police officials to use reasonable force. However, Officers JAMEL, LANGI, and DEQUATTRO breached that duty when Defendant Jamel aggressively slammed Mr. Roe's head to the wall, causing it to strike the thermostat on the wall. Officers Langi and Dequattro breached their duty when they assisted Defendant Jamel in restraining Mr. Roe by placing him in RIPP restraints when he showed clear signs of surrender. Mr. Roe sustained injuries to his left ear, neck and bruises and abrasions on his body.

48.     As a result, Defendant Officers JAMEL, LANGI, DEQUATTRO and DOES 1-50  are liable for negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.      For general damages in a sum according to proof;

2.      For special damages, including income and support, medical expenses and other

special damages in a sum to be determined according to proof;

3.      For punitive damages in a sum according to proof as to Defendants JAMEL, LANGI,

DEQUATTRO, CITY OF FAIRFIELD, and DOES 1-50 and/or each of them;

4.      For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;

5.      For any and all statutory damages allowed by law;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated: August 30, 2022                          **BURRIS, NISENBAUM, CURRY & LACY**

                                                */s/ John L. Burris*
                                                John L. Burris
                                                Christopher A. Dean
                                                Attorneys for Plaintiff